In re BLAVA IN–LINE, INC., Debtor.

BLAVA IN–LINE, INC., Plaintiff,

v.

MIDLANTIC NATIONAL
BANK/NORTH,
Defendant.

MIDLANTIC NATIONAL
BANK/NORTH, Third
Party Plaintiff,

v.

Milan RYNIK, Third Party Defendant.

Bankruptcy No. 90 B 20304.
No. 91 Adv. 6088.

United States Bankruptcy Court,
S.D. New York.

Oct. 28, 1991.

Ross & Hardies, New York City, for Midlantic National Bank/North.

Warshaw Burstein Cohen Schlesinger & Kuh, New York City, for debtor-plaintiff.

## DECISION ON MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant-third party plaintiff, Midlantic National/North ("Midlantic"), has moved for an order pursuant to Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure granting it summary judgment and dismissing the debtor's complaint to recover an allegedly improper post-petition setoff in the sum of $29,-799.51. Alternatively, Midlantic seeks summary judgment on its third party com-

plaint against Milan Rynik ("Rynik"), the principal shareholder of the debtor who guaranteed in writing the debtor's obligations to Midlantic. Midlantic seeks to reinstate Rynik's home mortgage which Midlantic satisfied when it setoff the debtor's cash collateral proceeds to the extent of $29,799.51 to satisfy Rynik's debt to Midlantic.

The Chapter 11 debtor, Blava In–Line, Inc., opposes Midlantic's motion and has cross-moved to recover the $29,799.51 setoff claimed by Midlantic and for attorney's fees and expenses incurred by the debtor in bringing the action to recover the setoff and to enforce the automatic stay imposed under 11 U.S.C. § 362(a). The following facts are undisputed.

### FACTS

1. On April 11, 1990, the debtor, Blava In–Line, Inc., filed with this court its petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and continued to manage and control its property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

2. Prior to the petition date, the debtor and its affiliate, MRVK Associates, Inc. ("MRVK"), entered into loan agreements with Midlantic, a banking corporation providing a line of credit to be used for working capital purposes and various term loans ("Midlantic Loans"). The debtor guaranteed payment of the Midlantic Loans made to MRVK. The Midlantic Loans were collateralized by liens and security interests granted by the debtor and MRVK. Midlantic had a first lien on property owned by the debtor and a second lien on MRVK's property, on which Marine Midland Bank, N.A. ("Marine") had a first lien. The Midlantic Loans were personally guaranteed by the debtor's president, Rynik. As of the petition date, the indebtedness of the debtor under the Midlantic Loans, as the borrower and as the guarantor of MRVK obligations, totalled approximately $1,191,-464.00 plus interest and other charges.

3. Thereafter, the debtor moved in this court by Emergency Application for an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection. The motion was heard on April 18, 1990. At the hearing, Midlantic expressly represented to and advised both this court and the debtor that the outstanding indebtedness of the debtor to Midlantic under the Midlantic Loans was the sum of $1,309,-072.99.

4. On May 7, 1990, this court entered an Emergency Order on Consent Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection ("Cash Collateral Order"). Midlantic consented to the Cash Collateral Order. Pursuant to the Cash Collateral Order, the indebtedness owing to Midlantic as of the date of the hearing on April 18, 1990 under the Midlantic Loans was represented to be $1,309,072.99. On May 18, 1990, after completing work in process, the debtor surrendered possession of its assets and those of its affiliate MRVK to Midlantic and Marine for the purpose of foreclosing their respective security interests in the collateral, all pursuant to the Cash Collateral Order.

5. On June 5, 1990, Midlantic sold the intangible assets of the debtor (*i.e.*, patents and trademarks) for $736,000.00.

6. On June 5, 1990, a public auction sale of the debtor's tangible assets in which the Banks had security interests was held, which when added to the proceeds of the private sale produced not only sufficient funds to satisfy the indebtedness to the Banks (including the sum of $1,309,072.99 owing to Midlantic) after payment of all related expenses of the sale, but provided a surplus of some $110,000.00 for the benefit of the debtor's estate ("Auction Proceeds").

7. The Auction Proceeds, including proceeds of the private sale, were received by Midlantic pursuant to the Cash Collateral Order to be dedicated solely to payment of the indebtedness of the debtor under the Midlantic Loans in the amount of $1,309,-072.99 as of April 18, 1990 and the indebtedness due Marine.

8. Midlantic presently is holding approximately $80,200.00 of the Auction Proceeds in a certificate of deposit for the benefit of debtor's estate and its creditors.

9. The unsecured creditors of the debtor have filed proofs of claim aggregating in excess of $1,770,000.00.

10. Following June 5, 1990 and before Midlantic established the certificate of deposit, without seeking this court's approval and purportedly exercising a right of setoff under the loan agreements between Midlantic and the debtor, Midlantic offset and applied $29,799.51 out of the Auction Proceeds in payment in full of a personal loan previously made by it to the debtor's former president, Rynik. The Rynik loan was secured by a mortgage on a residence in Scarsdale, New York, owned by Rynik's wife, and significantly, was not then in default. The debtor received no benefit directly or indirectly from the transaction between Midlantic and Rynik. Midlantic contends that it was entitled under the provisions of the loan agreements with the debtor to setoff Rynik's home equity loan against the Auction Proceeds because the debtor allegedly was a cross-guarantor of the Midlantic loans to Rynik.

11. Midlantic was not authorized under the Cash Collateral Order to offset funds of the debtor in its possession to repay Rynik's personal loan.

12. By letter dated October 22, 1990, the debtor's attorneys informed Midlantic that its offset, representing property of the debtor, violated the terms of the Cash Collateral Order. To date, the debtor has not received any portion of the Auction Proceeds, including the sum of $29,799.51 which Midlantic improperly offset.

## DISCUSSION

In a ruling on a Motion for Summary Judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to material fact for a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. There are no genuine issues of fact with respect to Midlantic's unilateral post-petition setoff.

■ Section 362(a)(7) of the Bankruptcy Code specifically prohibits a creditor, such as Midlantic, from taking a setoff without first obtaining relief from the automatic stay. A setoff taken without court approval constitutes a violation of the automatic stay. *See United States v. Norton,* 717 F.2d 767, 771 (3d Cir.1983). Actions taken in violation of the stay are improper. *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),* 749 F.2d 670, 675 (11th Cir.1984); *In re Bresler,* 119 B.R. 400, 403 (Bankr.E.D.N.Y.1990); *In re Fugazy Express, Inc.,* 114 B.R. 865, 874 (Bankr.S.D.N.Y.1990), *aff'd,* 124 B.R. 426 (S.D.N.Y.1991); *In re McLean Industries, Inc.,* 76 B.R. 291, 295 (Bankr. S.D.N.Y.1987); *In re 48th Street Steakhouse, Inc.,* 61 B.R. 182, 189 (Bankr. S.D.N.Y.1986), *aff'd,* 77 B.R. 409 (S.D.N.Y.), *aff'd,* 835 F.2d 431 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988). The bankruptcy court should deny a setoff to those creditors who violate the automatic stay. *MNC Commercial Corporation v. Joseph T. Ryerson & Son, Inc.,* 882 F.2d 615, 618 (2d Cir.1989).

It is of course true that if the stay had not been lifted and the trustee in liquidation had brought an action, federal bankruptcy law would defeat Inland/Ryerson's claimed setoff. Setoff creditors have certain rights, *see* 11 U.S.C. § 553; *Boston and Maine Corp. v. Chicago Pacific Corp.,* 785 F.2d 562,

565 (7th Cir.1986), but this favored treatment is limited by 11 U.S.C. § 362(a)(7), which stays most classes of creditors from "seizing" their setoffs without moving for relief from the stay. Inland/Ryerson never moved for such relief and thus Ryerson would have been obliged to turn over the disputed funds to the trustee.

*MNC Commercial Corp.*, 882 F.2d at 618 (footnotes omitted).

■ Pursuant to the stipulation and agreement of the parties dictated into the Record of the hearing before this court on April 18, 1990, the agreed amount of the indebtedness of the debtor to Midlantic under the Midlantic Loans was $1,309,072.99. Midlantic's attorney expressly represented to both this court and the debtor that "our total claim against the debtors is $1,309,-072.99." By its terms the Cash Collateral Order was "intended to confirm and supplement the stipulation and agreement of the parties dictated into the Record of the hearing on April 18, 1990." This court made a finding that debtor's pre-petition indebtedness to Midlantic was "incurred in connection with loans made pursuant to a line of credit in the amount of $750,000.00 and certain term loans and financial accommodations made by Midlantic to the Debtor." There is no reference in the Cash Collateral Order to the Rynik Loan.

The Cash Collateral Order expressly prohibited Midlantic from seeking any further or different relief inconsistent with the terms of the Order. Midlantic's subsequent offset post-petition to pay off the Rynik Loan, without this court's authorization violated the terms of the Cash Collateral Order pursuant to which it was given peaceful possession of the debtor's property subject to its security interests for the sole purpose of foreclosing its liens and applying the Auction Proceeds to satisfy the Midlantic Loans. Midlantic made no reference at the hearing on the Cash Collateral motion or in the Cash Collateral Order to the Rynik Loan and its alleged right to offset and repay the Rynik Loan from the Auction Proceeds, nor was it given peaceful possession of the debtor's property to pay off the Rynik Loan. The sum of $1,309,072.99 represented by Midlantic to be due and owing on April 18, 1990 did not include the amount of its loan to Rynik.

■ The Auction Proceeds, net of the amounts applied by Midlantic to the payment of the Midlantic Loans, were to be held by Midlantic solely for the benefit of the debtor's creditors. As such, the Auction Proceeds held by Midlantic pursuant to the Cash Collateral Order were funds dedicated solely to the satisfaction of the debtor's creditors and qualify as a deposit dedicated to a special use and may not be set off by Midlantic to repay the Rynik Loan. *New Jersey National Bank v. Gutterman (In re Applied Logic Corp.)* 576 F.2d 952, 958 (2d Cir.1978).

■ The Midlantic Loan to Rynik, secured by a mortgage on his residence and evidenced by a note signed by Rynik and the debtor, authorized Midlantic to setoff against the debtor's funds in order to satisfy Rynik's Loan. However, even if setoff is authorized by the parties, such setoff is expressly forbidden after a debtor files a bankruptcy petition, unless court approval is obtained first. 11 U.S.C. § 362(a)(7). Hence, Midlantic's motion for summary judgment as to the setoff must be denied and the debtor's motion to recover the improper setoff and enforce the automatic stay under 11 U.S.C. § 362 must be granted.

■ Midlantic's alternative request for summary judgment reinstating the Rynik home mortgage which it satisfied, on the grounds of mistake raises a question of fact as to whether or not the mortgage was satisfied by mistake. This issue also brings into question a dispute between two nondebtors, namely Midlantic and Rynik, as to real estate which is not property of this debtor's estate. This court has previously held that in a private controversy between a third-party plaintiff and nondebtor defendants, where the plaintiff's suit would not produce any benefits for other creditors of the debtor's estate nor would such action affect the other creditors' distribution prospects, the court must dismiss the plaintiff's action for lack of

jurisdiction because it did not relate to a case under title 11. *In re R.H.N. Realty Corp.,* 84 B.R. 356 (Bankr.S.D.N.Y.1988); *Murdock v. Allina (In re Curtina International Inc.),* 15 B.R. 993 (Bankr. S.D.N.Y.1981).

■ These cases are consistent with the theory that an adversary proceeding may be characterized as related to the title 11 case only when the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy. *National Union Fire Insurance Co. of Pittsburgh v. Titan Energy, Inc. (In re Titan Energy, Inc.),* 837 F.2d 325, 330 (8th Cir.1988) ("Yet, even a proceeding which portends a mere contingent or tangential effect on a debtors' estate meets the broad jurisdictional test...."); *Wisconsin Department of Industry, Labor and Human Relations v. Marine Bank Monroe (In re Kubly),* 818 F.2d 643 (7th Cir.1987) (proceeds belonging to nondebtor corporation not claimed by debtors and complaint against nondebtor corporation would not affect payments to be made by the debtors to the other creditors or the administration of the debtors' estates); *Elscint, Inc. v. First Wisconsin Financial Corp., (In re Xonics, Inc.),* 813 F.2d 127 (7th Cir.1987) (plan abandoned accounts receivable claimed by secured creditors with result that there was no related jurisdiction over secured creditors' disputes as to the property because the bankruptcy court's jurisdiction did not follow the property and lapsed when property left the estate); *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984) (products liability action against asbestos distributor of Johns-Manville Corp., the Chapter 11 debtor-manufacturer which agreed to indemnify the distributor-defendant, would not affect the administration of the debtor-manufacturer's estate because plaintiff was not a creditor of the debtor; there was no "related to" bankruptcy jurisdiction).

■ The debtor's cross-motion for summary judgment to recover the $29,799.51 setoff taken by Midlantic in violation of the automatic stay, as proscribed under 11 U.S.C. § 362(a)(7) is granted. Midlantic may not advance its economic interests in flagrant disregard of the express statutory mandate. However, because the debtor is a corporation and not a natural person the debtor may not recover compensatory damages, including attorney's fees and costs. This court is bound by the holding in the Second Circuit that compensatory damages, as authorized under 11 U.S.C. § 362(h), are available only for natural persons and not corporate entities. *Maritime Asbestosis Legal Clinic v. LTV Steel, Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183 (2d Cir. 1990).

In view of the fact that this court lacks subject matter jurisdiction of Midlantic's third-party complaint against Rynik and because Midlantic's summary judgment motion searches the pleadings, its complaint must be dismissed.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties with respect to the debtor's action pursuant to 28 U.S.C. §§ 1334 and 157(a). The debtor's action is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(E) and (G), with interest.

2. Midlantic's motion for summary judgment dismissing the debtor's complaint is denied.

3. Midlantic's motion for summary judgment reinstating the Rynik home mortgage is denied and its third-party complaint against Rynik which seeks such reinstatement is dismissed for lack of subject matter jurisdiction because the action does not arise under title 11, or in or related to a case under title 11, as required by 28 U.S.C. § 1334(b).

4. The debtor's motion for summary judgment is granted. Midlantic shall turn over the Auction Proceeds, including the sum of $29,799.51 previously offset unilaterally and improperly with interest.

SETTLE ORDER on notice.