**In the Matter of WACO OIL COMPANY, INC., d/b/a Waco Mini–Mart, Debtor.**

**Bankruptcy No. 91–9939–8B7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 13, 1992.

Albert C. Williams, Jr., Tampa, Fla., for debtor.

V. John Brook, trustee.

Catherine Peek McEwen, Tampa, Fla., for movant.

ORDER GRANTING THE CITIZENS AND SOUTHERN NATIONAL BANK OF FLORIDA'S MOTION FOR SUMMARY JUDGMENT ON ITS EMERGENCY MOTION FOR RELIEF FROM STAY

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Citizens and Southern National Bank of Florida's Motion for Summary Judgment on Its Emergency Motion for Relief from Stay. The Court, having heard the argument of counsel and having reviewed the Motion for Summary Judgment, the Motion for Relief from Stay, the record, and the memoranda filed by counsel, finds the undisputed facts as follows:

On July 30, 1991, Waco Oil Company, Inc. (Debtor), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C.).[1] Debtor and the Citizens and Southern National Bank of Florida (the Bank) have mutual pre-petition debts. Debtor owes the Bank $15,000 by virtue of a demand note executed by Debtor. Demand for payment of the note was made July 23, 1991. Debtor also owes the Bank in excess of $485,000 as an unconditional guarantor of a note executed by Derial Whitehead, sole shareholder of Debtor, and Sue Whitehead. The note executed by the Whiteheads fully matured by its own terms March 10, 1991. The Bank owes Debtor $83,403.26 by virtue of a demand deposit account (the account) Debtor maintains at the Bank. The Bank has a contractual right of setoff with respect to Debtor's account.

On July 23, 1991, the Bank placed an administrative freeze on Debtor's account. On July 25, 1991, Debtor received notice from the Bank of the Bank's intent to exercise its right of setoff. Since the Bank was concerned that some of the funds in Debtor's account might be trust funds owed to the Florida Department of the Lottery and thus not subject to setoff, the Bank, on July 26, 1991, filed suit against Debtor in state court seeking a determination that Debtor's account could be set off. Post-petition it has been determined that Debtor's account contains no trust funds.

After Debtor filed its petition on July 30, 1991, the Bank, on August 2, 1991, sought relief from the automatic stay in order to exercise its right of setoff.

■ With exceptions not pertinent here, Section 553 of the Bankruptcy Code preserves a creditor's right to set off a mutual debt of the creditor and the debtor provided that the debts both arose pre-petition. 11 U.S.C. § 553(a). A setoff may be accomplished pre-petition or post-petition, but a setoff accomplished pre-petition may be subject to the improvement in position test whereas a setoff accomplished post-petition is never subject to the improvement in position test. 11 U.S.C. § 553(b). Section 553 does not create a right of setoff, but merely permits the exercise of whatever setoff rights a creditor has under applicable non-bankruptcy law. *Woodrum v. Ford Motor Credit Co. (In re Dillard Ford, Inc.)*, 940 F.2d 1507, 1512 (11th Cir.1991); *Moses v. United States Dep't of Educ. (In re Moses)*, 91 B.R. 994, 996 (Bankr.M.D.Fla.1988).

In the instant case, Debtor and the Bank agree the Bank has a right of setoff with respect to Debtor's account. Debtor and the Bank further agree their mutual debt arose before the commencement of Debtor's bankruptcy case. The only point of contention, and thus the only issue before this Court, is whether the administrative freeze placed on Debtor's account by the Bank amounted to an exercise of the Bank's right of setoff. If the administrative freeze is a setoff, it occurred within 90 days immediately preceding the filing of the petition and is thus subject to the improvement in position test of Section 553(b). If the administrative freeze is not a setoff, there was no setoff pre-petition, the improvement in position test of Section 553(b) is not implicated, and the Bank is now entitled to exercise its right of setoff.

■ The widely accepted test for determining whether a setoff has occurred requires: (1) a decision to exercise the right

---

**1.** On Debtor's motion, this case was converted to a Chapter 7 case on March 11, 1992.

of setoff, (2) some action accomplishing the setoff, and (3) a record evidencing that the right of setoff has been exercised. *Baker v. National City Bank,* 511 F.2d 1016, 1018 (6th Cir.1975); *United States v. Bell Credit Union,* 860 F.2d 365, 369 (10th Cir. 1988); *Sisk v. Saugus Bank and Trust Co. (In re Saugus Gen. Hosp.),* 698 F.2d 42, 47 (1st Cir.1983). *See also Citizens and Peoples Nat'l Bank v. United States,* 570 F.2d 1279, 1288 (5th Cir.1978); *United States v. Citizens and Southern Nat'l Bank,* 538 F.2d 1101, 1106 (5th Cir.1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1579, 1580, 51 L.Ed.2d 792 (1977). Unquestionably, the Bank decided to exercise its right of setoff. Arguably, the Bank may have taken some action towards accomplishing the setoff when it placed the administrative freeze on Debtor's account and filed suit in state court seeking a determination that Debtor's account could be set off. It is undisputed, however, that the Bank never made a record evidencing the right of setoff had been exercised. The very act of filing the state court action evinces the Bank did not accomplish the setoff by instituting the administrative freeze. Accordingly, no setoff has occurred.[2]

Moreover, in the instant case, no setoff of Debtor's account could have occurred pre-petition because the Bank sought a determination that Debtor's account contained no trust funds owed to the Florida Department of the Lottery,[3] and that determination was not made until after the petition was filed. The Bank would not have been able to exercise a right of setoff with respect to any funds that were Lottery trust funds. *See Nardi v. Continental Nat'l Bank,* 559 So.2d 307, 309 (Fla. 3d DCA 1990); *Emile v. Bright,* 203 So.2d 328, 329 (Fla. 4th DCA 1967), *cert. discharged,* 216 So.2d 443 (Fla.1968).

■ Debtor argues the administrative freeze allows the Bank to gain all the intended benefits of setoff without being subjected to the clearly intended limitations on preference and the improvement in position test of Section 553(b). Debtor's argument is without merit. Section 553, by its own terms, overrides the preference provisions of the Bankruptcy Code, and the Bankruptcy Code itself distinguishes between, and accords different treatment to, pre-petition setoffs within 90 days of filing and post-petition setoffs of pre-petition debts.

■ The general statutory scheme which Congress enacted with respect to setoff in bankruptcy is as follows: With a few exceptions, Section 553 of the Bankruptcy Code preserves a creditor's right to set off a mutual debt of the creditor and the debtor provided that the debts both arose prepetition. If the creditor exercises the right of setoff within 90 days immediately preceding the filing of the petition, the creditor is subject to the improvement in position test under Section 553(b). In order to exercise a right of setoff post-petition un-

---

**2.** There is a wealth of caselaw on whether an administrative freeze instituted post-petition violates the automatic stay of Section 362. There is a split of authority on this question, but it is interesting to note that many of those courts which have found a post-petition administrative freeze violates the automatic stay have done so based on Section 362(a)(3) which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and not based on Section 362(a)(7) which stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor," (*i.e.,* post-petition setoff without relief from the automatic stay based on Section 553). This is because an administrative freeze by itself does not constitute a setoff and is not prohibited by Section 362(a)(7). *See, e.g., In re Quality Interiors, Inc.,* 127 B.R. 391 (Bankr.N.D.Ohio 1991); *First Con-*

*necticut Small Business Inv. Co. v. Bank of Boston Connecticut (In re First Connecticut Small Business Inv. Co.),* 118 B.R. 179 (Bankr.D.Conn. 1990); *Homan v. Kemba Cincinnati Credit Union (In re Homan),* 116 B.R. 595 (Bankr. S.D.Ohio 1990). This Court does not decide here when an administrative freeze may violate the automatic stay.

**3.** Section 24.114(3) of the Florida Statutes provides, in part: "All monies received by ... retailers from the sale of lottery tickets ... shall be held in trust prior to delivery to the [D]epartment [of the Lottery] ..." Attached to Debtor's Response to C & S National Bank's Motion for Summary Judgment on Emergency Motion for Relief from Stay is a copy of the Bank's computer print showing that the Florida Department of the Lottery did indeed sweep Debtor's account.

 

der Section 553, a creditor must first seek relief from the automatic stay under Section 362(a)(7). If a creditor has an unexercised right of setoff, upon the filing of a petition in bankruptcy that creditor holds a secured claim under Section 506(a) and the debtor must seek permission to use any cash collateral under Section 363(c). *Kenney's Franchise Corp. v. Central Fidelity Bank NA, Lynchburg*, 22 B.R. 747 (W.D.Va.1982); *In re Quality Interiors, Inc.*, 127 B.R. 391 (Bankr.N.D. Ohio 1991).

In this case, the Bank placed an administrative freeze on Debtor's account pre-petition. On the third day after Debtor filed its petition, the Bank sought relief from the automatic stay in order to exercise its right of setoff. The statutory scheme worked the way it is supposed to function.

 There is, however, a small twist in this case: the administrative freeze was placed on Debtor's account on July 23, 1991, but Debtor apparently did not receive notice of the institution of the administrative freeze until July 25, 1991. In the interim period, the Bank continued to accept Debtor's deposits, but refused to honor Debtor's checks. Setoff may only be exercised against a general deposit accepted in good faith and in the regular course of business. *McKee v. Hood*, 312 F.2d 394, 397 (5th Cir.1963); *cf. Kane v. First Nat'l Bank*, 56 F.2d 534, 537 (5th Cir.), *cert. denied*, 287 U.S. 603, 53 S.Ct. 8, 77 L.Ed. 524 (1932). This Court will not permit the Bank to set off any amounts attributable to deposits made by Debtor after the Bank placed the administrative freeze on Debtor's account. When Debtor's account was frozen, it was frozen for all purposes. The Bank, while accepting deposits on Debtor's frozen account, did not intend to become liable to Debtor for those deposits. Consequently, the deposits made into the frozen account were not accepted in good faith and in the regular course of business.

Since there is no genuine issue as to any material fact [4] and the Bank is entitled to judgment as a matter of law, it is

ORDERED, ADJUDGED AND DECREED that the Citizens and Southern National Bank of Florida's Motion for Summary Judgment on Its Motion for Relief from Stay is granted. It is further

ORDERED, ADJUDGED AND DECREED that the automatic stay is lifted in order to permit the Citizens and Southern National Bank of Florida to exercise its right of setoff with respect to Debtor's account, limited to the amount that was actually in Debtor's account at the time the administrative freeze was instituted on July 23, 1991.

DONE AND ORDERED.

---

4. On brief, Debtor asserts for the first time that the Bank placed the administrative freeze on Debtor's account in a calculated attempt to precipitate this bankruptcy. The Court can only postulate that this bald assertion is a desperate attempt to raise an issue of fact in order to preclude summary judgment on this matter. Debtor's ploy is unavailing. This allegation should not have been raised for the first time on brief, but should, at a minimum, have been raised at the hearing on the Motion for Summary Judgment. Moreover, Debtor should have supported its allegation by affidavit as required by Rule 7056 of the Federal Rules of Bankruptcy Procedure.