In re Linus Marc **KALENZE** and Renee Marie Kalenze, Debtors.

Linus Marc **KALENZE** and Renee Marie Kalenze, Plaintiffs,

v.

FEDERAL CROP INSURANCE CORPORATION, an agency of the United States Department of Agriculture, Defendant.

Bankruptcy No. 93–30324.
Adv. No. 94–7007.

United States Bankruptcy Court,
D. North Dakota.

Aug. 3, 1994.

Ervin Lee, Minot, ND, for debtors/plaintiffs.

Clare Hochhalter, Bismarck, ND, for defendant.

Phillip D. Armstrong, Trustee, Minot, ND.

### MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter arose by Complaint filed January 28, 1994, with the plaintiffs/Debtors claiming the defendant Federal Crop Insurance Corporation (FCIC), effectuated a prepetition setoff which constitutes a recoverable preference. The plaintiffs moved for summary judgment and the parties, by stipulation, have agreed that no genuine issue of fact exists and the issue may be resolved as a matter of law. Accordingly, the court finds the facts as material to be as follows:

*Findings of Fact*

The Kalenzes, during their farming years, purchased crop insurance from the FCIC, an agency of the United States Department of Agriculture. They filed for relief under Chapter 7 of the Bankruptcy Code on April 19, 1993.

In the course of their farming endeavors, they became obligated to FCIC for a 1992 crop insurance premium of $4,019.82. On March 10, 1993, they filed their 1992 income tax return and in their bankruptcy schedules listed their refund of $3,767.00 as exempt. FCIC, however, had set off against the $3,767.00 refund, receiving the money from the IRS on April 10, 1993. It is this amount the Debtors seek to recover.

*Conclusions of Law*

While arguing that the set off constitutes a preference, the plaintiffs concede that the issue of whether the elements of a preferential transfer exist is reached only if, as a threshold matter, the court finds the claimed prepetition setoff to be invalid. Under section 553(b) a trustee may recover a setoff made within ninety days prior to the date of filing. Only if the court finds the setoff invalid and additionally concludes that no right of setoff exists, is section 547 applied. *Durham v. SMI Industries Corp.,* 882 F.2d 881, 882 (4th Cir.1989).

■ Whether the FCIC has a right of setoff is a matter of law considered in the context of section 553. This section, in relevant part provides:

"Except as otherwise provided in this section and in [§] 362 ... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ..."

11 U.S.C. § 553.

In order for FCIC to establish a right to setoff, it must demonstrate:

1. A debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case.

2. The creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case.

3. The debt and the claim are mutual obligations.

*United States v. Gerth,* 991 F.2d 1428 (8th Cir.1993).

■ It is necessary only that the debt and the claim arose prepetition and are mutual. The plaintiffs concede that both debts—the one owing by them to FCIC and the one owing them by the IRS, arose prepetition therefore satisfying the first two requirements. They do dispute the element of mutuality claiming it has not been met because the FCIC and the IRS are different entities. As authority, the plaintiffs cite the Bankruptcy Court decision of *In re Rinehart,* 76 B.R. 746 (Bankr.S.D.1987) as standing for the proposition that different agencies of the United States are not "in the same capacity" for purposes of setoff. Most bankruptcy courts facing the issue have declined to follow *Rinehart.* Moreover, the United States District Court for the District of South Dakota on appeal was not persuaded, instead holding that different agencies of the United States stand in the same capacity for purposes of section 553 setoffs. *U.S. through Small Business Admin. v. Rinehart,* 88 B.R. 1014 (D. S.D.1988). *See also, Matter of Butz,* 154 B.R. 541 (D. S.D.Iowa 1989) holding that federal agencies are not separate legal entities within the meaning of section 553(a). All federal agencies are an integral part of the federal government and entitled to settled statutory priority in collecting on loans made from government funds. *See Small Business Administration v. McClellan,* 364 U.S. 446, 450, 81 S.Ct. 191, 195, 5 L.Ed.2d 200 (1960); *Cherry Cotton Mills v. United States,* 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835 (1946). The FCIC and the IRS stand in mutual capacity to effect a setoff under section 553 and therefore the last and only disputed requirement of section 553 is satisfied.

■ The plaintiffs further challenge the FCIC's right to setoff by arguing that the IRS's liability to the Debtors arose within the ninety days preceding the April 19, 1993, petition date. The FCIC contends the liability arose at the end of the 1992 tax year which would take it well outside the ninety day preference period referenced in section 553(b). The plaintiffs urge the court to follow *In re Harbaugh,* 99 B.R. 671 (Bankr. W.D.Pa.1989) standing for the proposition that there is no liability for a refund until a refund is claimed by the taxpayer. As with *Rinehart,* the plaintiffs' research did not go far enough for, like *Rinehart,* the Bankruptcy Court's view was reversed on appeal. *Harbaugh v. United States,* 1989 WL 139254 (4th Cir.1989). The Fourth Circuit in an unreported decision rejected the Bankruptcy Court's finding and held instead that the end of the tax year is the point at which a tax refund accrues. Accord: *In re Leonard,* 158 B.R. 839 (Bankr.D.Colo.1993); *In re Conti,* 50 B.R. 142 (Bankr.E.D.Va.1985).

The FCIC's prepetition setoff was consistent with the requirements of section 553 and is unassailable on either of the grounds raised by the plaintiffs.

Accordingly, for the reasons stated, summary judgment may be entered in favor of the defendant, Federal Crop Insurance Corporation and against the plaintiffs Linus Marc Kalenze and Renee Marie Kalenze dismissing their Complaint.

**SO ORDERED.**