**In re Kevin & Jennifer HANSSEN.**

**Kevin & Jennifer HANSSEN, Plaintiffs,**

v.

**DPP/AAFES, Defendant.**

**Bankruptcy No. 96–40619 S.
Adv. No. 96–4130.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Nov. 13, 1996.

Kent Pray, N. Little Rock, AR, for Plaintiffs.

Fletcher Jackson, Little Rock, AR, for Defendant.

David D. Coop, Chapter 13 Trustee.

***ORDER***

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the stipulations of fact submitted by the parties related to this adversary proceeding. The debtors filed this adversary proceeding requesting turnover of a federal income tax refund in the amount of $2,964.80. Although the Internal Revenue Service owed a debt in the form of a tax refund to the debtors, the

Debtor owed monies to the Army and Air Force Exchange Service ("AAFES"). Prior to the filing of the bankruptcy case, but within ninety days of the filing, the AAFES obtained the tax refund and applied it to the debt.

 While section 553 of the Bankruptcy Code preserves any right to setoff existing under non-bankruptcy law, there must exist mutuality between the parties.[1] Mutuality means that parties have the right, in their own name, to collect against the others, in their own right. *In re MetCo Mining and Minerals, Inc.,* 171 B.R. 210, 217 (Bankr. W.D.Pa.1994); *In re Glaze,* 169 B.R. 956, 964 (Bankr.D.Ariz.1994). The debtors assert that the United States is not entitled to setoff the refund because there is no mutuality between the parties. That is, the debtors argue that the IRS and AAFES are distinct entities, although they are both governmental units, such that they should not be considered as one creditor for setoff purposes. While the debtors' position is well-articulated, and the issue a close one analytically, this Court will follow the long line of authority which establishes that, for setoff purposes, mutuality exists although distinct governmental entities are the creditors. *See, e.g., In re Turner,* 84 F.3d 1294 (10th Cir.1996); *Doe v. United States,* 58 F.3d 494 (9th Cir. 1995); *In re HAL, Inc.,* 196 B.R. 159 (9th Cir. BAP 1996); *In re Buckner,* 165 B.R. 942 (D.Kan.1994), *appeal dismissed,* 66 F.3d 263 (10th Cir.1995); *United States v. Reed (In re Reed),* 179 B.R. 353 (Bankr.S.D.Ga.1995); *Wallach v. N.Y. Dep't of Taxation and Fin. (In re Bison Heating & Equipment, Inc.),* 177 B.R. 785 (Bankr.W.D.N.Y.1995); *In re Medina,* 177 B.R. 335 (Bankr.D.Ore.1994); *Kalenze v. Federal Crop Ins. Corp. (In re Kalenze),* 175 B.R. 35 (Bankr.D.N.D.1994). The decisions determining that mutuality does not exist are few in number. *See, e.g., In re Lopes,* 197 B.R. 15 (Bankr.D.R.I.1996); *Westamerica Bank v. United States,* 178 B.R. 493 (N.D.Cal.1995); *United States v.*

*Maxwell (In re Pyramid Indust.),* 170 B.R. 974 (Bankr.N.D.Ill.1994); *Shugrue v. Fischer,* 164 B.R. 839 (Bankr.S.D.N.Y.1994); *In re Julien Co.,* 116 B.R. 623 (Bankr.W.D.Tenn. 1990).

Accordingly, it is

**ORDERED:** that judgment shall be entered in favor of the defendant.

**IT IS SO ORDERED.**

---

1. Section 553 provides in pertinent part:

   Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case * * *

   11 U.S.C. § 553(a).