**In re Ricky STEWART and Angela Stewart.**

**Ricky Stewart and Angela Stewart, Plaintiffs,**

v.

**Army & Air Force Exchange Service, Defendant.**

**No. 00–50339S.**

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

Sept. 18, 2000.

David D. Coop, N. Little Rock, AR, Chapter 13 Trustee.

Jack Dickerson, Hot Springs, AR, for Debtor.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion for Summary Judgment, filed on August 11, 2000, to which the plaintiff failed to respond.

The uncontroverted facts are that in 1994, the debtors opened an account with the Army & Air Force Exchange Service, a nonappropriated fund instrumentality of the Department of Defense. The account became delinquent in 1996, and the debt placed in the Treasury Offset Program in 1999. The debtors filed their chapter 13 petition in bankruptcy on March 9, 2000, and on March 31, 2000, the Internal Revenue Service withheld the debtor's federal income tax refund for the 1999 taxable year. The debtors commenced this adversary proceeding on July 14, 2000, seeking turnover of a federal tax refund, allegedly held in violation of the automatic stay. The United States moved for summary judgment on August 11, 2000, and despite court direction to file a written response to the motion, the debtor plaintiffs failed to respond to the motion for summary judgment.

Section 553 of the Bankruptcy Code preserves the right of setoff:

553. Setoff.

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that

(1) the claim of such creditor against the debtor is disallowed;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B) (i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition; and

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor.

11 U.S.C. § 553(a). Thus, in order to avoid the debtors' motion for turnover and establish its right to setoff, the United States must demonstrate:

(1) that the debt is mutual, *i.e.*, that each party has the right, in his own name, to collect against the other, in his own right. *In re MetCo Mining and Minerals, Inc.*, 171 B.R. 210, 217 (Bankr.W.D.Pa. 1994); *In re Glaze*, 169 B.R. 956, 964 (Bankr.D.Ariz.1994).

(2) the debt owing to the creditor arose before the bankruptcy case;

(3) the claim against the creditor arose before the bankruptcy case; and

(4) that the right to setoff exists under nonbankruptcy law.

*See In re Whitaker*, 173 B.R. 359, 361 (Bankr.S.D.Ohio 1994); *see also In re Met-Co Mining and Minerals, Inc.*, 171 B.R. 210, 216 (Bankr.W.D.Pa.1994).

Each of these elements has been met in this case. The right to setoff exists pursuant to 26 U.S.C. § 6402(a).[1] Secondly, the debts are between the same parties,[2] in their individual capacities. Third,

the debts owing to the United States are clearly prepetition debts and the funds held by the United States also constitute a prepetition debt inasmuch as the taxes became an obligation on December 31, 1999, the close of the tax year. *Lawrence v. Comm'r (In re Lawrence)*, 19 B.R. 627 (Bankr.E.D.Ark.1981)(Baker, J.); *Murry v. Comm'r (In re Murry)*, 15 B.R. 325 (Bankr.E.D.Ark.1981)(Adams, J.). Accordingly, each of the elements required for setoff under section 553 have been met. *See Murry*, 15 B.R. at 326 (Bankr. E.D.Ark.1981) ("This section clearly grants the United States an unqualified right to setoff an overpayment against any federal tax liability of the person who made the overpayment. The automatic stay provisions of 11 U.S.C. Section 362 prevent the setoff from being made immediately, but no provision of the Bankruptcy Code eliminates the rights granted to the United States by the Internal Revenue Code."); *see also Wilson v. Internal Revenue Service (In re Wilson)*, 29 B.R. 54 (Bankr. W.D.Ark.1982).

Moreover, although the debtors assert that the retention of the federal income tax refund by the United States constitutes a violation of the stay, it is well settled that a creditor may, without violating the automatic stay, hold funds pending timely motion for relief from stay or other proceeding for a determination of a right to setoff. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133

---

1. Section 6402(a) provides:
(a) General Rule. In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

2. This Court has previously ruled that the IRS and AAFES may be considered as one creditor for setoff purposes. *In re Hanssen*, 203

B.R. 149 (Bankr.E.D.Ark.1996)(citing *In re Turner*, 84 F.3d 1294 (10th Cir.1996); *Doe v. United States*, 58 F.3d 494 (9th Cir.1995); *In re HAL, Inc.*, 196 B.R. 159 (9th Cir. BAP 1996); *In re Buckner*, 165 B.R. 942 (D.Kan. 1994), *appeal dismissed*, 66 F.3d 263 (10th Cir.1995); *United States v. Reed (In re Reed)*, 179 B.R. 353 (Bankr.S.D.Ga.1995); *Wallach v. N.Y. Dep't of Taxation and Fin. (In re Bison Heating & Equipment, Inc.)*, 177 B.R. 785 (Bankr.W.D.N.Y.1995); *In re Medina*, 177 B.R. 335 (Bankr.D.Or.1994); *Kalenze v. Federal Crop Ins. Corp. (In re Kalenze)*, 175 B.R. 35 (Bankr.D.N.D.1994)).

L.Ed.2d 258 (1995).[3]  Based upon the foregoing, it is

**ORDERED** that the defendant's Motion for Summary Judgment, filed on August 11, 2000, is granted and the complaint will be dismissed.

**IT IS SO ORDERED.**

---

3.  Relief from the automatic stay in order to set off a debt should be made by motion pursuant to 11 U.S.C. § 362(d) and Rule 4001.  A request for relief in the answer to a complaint for turnover does not suffice to seek this affirmative relief.