**In re Lydia LOPES, Debtor.**

**Lydia LOPES, Plaintiff,**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

Bankruptcy No. 95–10566.
Adv. No. 95–1131.

United States Bankruptcy Court,
D. Rhode Island.

June 17, 1996.

Christopher Lefebvre, Pawtucket, RI, for Debtor/Plaintiff.

Everett C. Sammartino, U.S. Department of Justice, Office of the U.S. Attorney, Providence, RI, for Defendant.

## DECISION AND ORDER:

### (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;

### (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court are Cross Motions for Summary Judgment in this adversary proceeding, wherein the Plaintiff–Debtor (Lopes) complains that the Internal Revenue Service improperly offset and paid her 1994 federal tax refund to the Defendant, the Department of Housing and Urban Development, on account of a debt owed by Ms. Lopes to HUD.

■ To determine whether summary judgment is appropriate, we follow the usual guidelines:

[S]ummary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

*Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir.1994) (citations omitted) (footnote omitted). Under the *Varrasso* standard, this matter is ripe for summary judgment.

Although the parties have focused their attention and arguments exclusively on 11 U.S.C. § 553(b), we conclude *sua sponte* for reasons not addressed by the parties, that

for HUD to prevail mutuality is required, that in this scenario mutuality of obligation is lacking as between the parties, and that therefore HUD loses.

## DISCUSSION

In February 1994, when HUD foreclosed its mortgage on Lopes' real estate there was a shortfall, and she owed HUD a deficiency balance of $14,000. A year later, on February 27, 1995, Ms. Lopes received a notice, after the fact, that the IRS had paid her 1994 federal tax overpayment in the amount of $3,362 to HUD, on account of the debt she owed to that agency. *See* 26 U.S.C. § 6402(d)(1) (Supp.1995) (authorizing the IRS to apply a taxpayer's overpayment to a past-due obligation due *another federal agency*). Two weeks later, Ms. Lopes filed for relief under Chapter 7 of the Bankruptcy Code, and thereafter brought this adversary proceeding.

The setoff/mutuality issue has been addressed by the First Circuit Court of Appeals, as follows:

Section 553 does not create new substantive law, but incorporates in bankruptcy the common law right of setoff, with a few additional restrictions. *U.S. ex rel. I.R.S. v. Norton,* 717 F.2d 767, 772 (3d Cir.1983). The right of setoff allows parties that owe mutual debts to each other to assert the amounts owed, subtract one from the other, and pay only the balance. *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.,* 896 F.2d 54, 57 (3d Cir.1990). However, allowing setoff undermines a basic premise of bankruptcy law, equality among creditors, by "permit[ting] a creditor to obtain full satisfaction of a claim by extinguishing an equal amount of ·the creditor's obligation to the debtor ... in effect, the creditor receives a 'preference'." *Id.* (*quoting In re Braniff Airways, Inc.,* 42 B.R. 443, 448 (Bankr.N.D.Tex.1984)). As a

result, setoff in the context of a bankruptcy is not automatic. Under section 553, debts cannot be setoff unless they are mutual.

*See Darr v. Muratore,* 8 F.3d 854, 860 (1st Cir.1993); *see also Citizens Bank v. Strumpf,* ── U.S. ──, ──, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995).

▮ Central to the resolution of this dispute, therefore, and for setoff to be applicable here, is the requirement that the obligations *between the parties* be *mutual.* "Mutuality requires that the debts 'be in the same right and between the same parties, standing in the same capacity.'" *Darr,* 8 F.3d at 860, (quoting 4 Collier on Bankruptcy ¶ 553.94 (15th ed. 1992)). To be mutual, debts do not have to arise from the same transaction, but they must involve the same two parties. So-called "triangular setoffs" involving related entities, such as corporate subsidiaries or affiliates, do not pass the mutuality test. *See Depositors Trust Co. v. Frati Enters.,* 590 F.2d 377, 379 (1st Cir. 1979) ("[i]t is well established that one subsidiary may not set off a debt owed to a bankrupt against a debt owing from the bankrupt to another subsidiary."); *see also* 4 Collier on Bankruptcy ¶ 553.04, at 553–23 (discussing the rule against related entities offsetting obligations as though they were a single entity).

▮ Some courts, however, have treated different federal agencies as a single entity, for setoff purposes. *See Cherry Cotton Mills, Inc. v. United States,* 327 U.S. 536, 539, 66 S.Ct. 729, 730, 90 L.Ed. 835 (1946) (allowing different federal agencies to offset claims as a single entity). *Cherry,* decided 50 years ago, was not a bankruptcy case, and the Bankruptcy Courts that have addressed the single entity issue have split on the application of the *Cherry* decision in bankruptcy cases.[1] In our view, and even without *Darr*

**1.** *See In re Lakeside Community Hosp.,* 151 B.R. 887, 891–92 (N.D.Ill.1993) (holding that Congress intended "governmental units" to be distinguishable separate entities under the Bankruptcy Code); *In re Ionosphere Clubs, Inc.,* 164 B.R. 839, 843 (Bankr.S.D.N.Y.1994) (following *Lakeside,* holding federal agencies distinguishable under § 553 and thus lacking mutuality); *In re Pyramid Indus., Inc.,* 170 B.R. 974, 983–84

(Bankr.N.D.Ill.1994) (holding that federal agencies are separate entities for setoff purposes, thus upholding equal treatment of creditors); *In re Hancock,* 137 B.R. 835, 845–47 (Bankr.N.D.Okla. 1992) (holding that different federal agencies could not effectuate setoff in bankruptcy because mutuality was lacking); *In re Mehrhoff,* 88 B.R. 922, 932 (Bankr.S.D.Iowa 1988) (holding that a single federal agency may offset claims with

*v. Muratore* as guidance, we would rule in a bankruptcy context that the better view rejects the notion of triangular mutuality, even as to the United States. As we see it, the recognition of separateness, vis-a-vis different federal agencies, is necessary because of the varied classifications of such agencies under bankruptcy law. *See Turner v. Small Business Admin. (In re Turner),* 59 F.3d 1041, 1044 (10th Cir.1995), *opinion withdrawn and vacated,* 84 F.3d 1294 (10th Cir. 1996).[2]

In addition, the Bankruptcy Code makes *governmental unit* synonymous with the term *entity, see* 11 U.S.C. § 101(15), and defines governmental unit as the United States, an individual agency, or a department. *See* 11 U.S.C. § 101(27). Under bankruptcy law, these definitions require that federal agencies be treated as individual entities, separate and distinct from one another. *See Lakeside,* 151 B.R. at 891–92 (holding that federal agencies are separate and distinct from each other under the Bankruptcy Code).

■ Implicit throughout this discussion is the axiom that in the Bankruptcy Court, creditors of the *same* class are treated similarly and equally. *Id.* at 1045; *Pyramid Indus.,* 170 B.R. at 983. Classifying federal

agencies separately under one section of the Bankruptcy Code, and collectively under another section, favors the government over private sector creditors. In the absence of a statutory mandate or controlling precedent to do so, we choose not to let that happen.[3]

■ Under *Darr,* and based upon our own independent analysis which is clearly at variance with the most recent pronouncement by the 10th Circuit, *en banc,* since HUD did not owe the Debtor anything, and since the Debtor was not indebted to the IRS, mutuality of obligation is totally lacking, and therefore setoff is not applicable. *See Hancock,* 137 B.R. at 846.

■ Finally, since this dispute is being considered within a bankruptcy context, the transfer by the IRS of the Plaintiff's tax refund to HUD is also a voidable preference, as the payment was made within 90 days of the bankruptcy filing, on account of an antecedent debt, which enabled HUD to receive more than it would receive in a Chapter 7 liquidation. *See* 11 U.S.C. § 547(b).

Based upon all of the foregoing, the Plaintiff's Motion for Summary Judgment is GRANTED, and HUD is ORDERED to pay to the Debtor, within twenty (20) days,

debtor, but not different agencies). *But see Matter of Butz,* 154 B.R. 541, 543 (S.D.Iowa 1989) (holding that individual federal agencies are not separate legal entities); *In re Gibson,* 176 B.R. 910, 915–16 (Bankr.D.Or.1994) (following *Cherry*); *In re Mohar,* 140 B.R. 273, 277 (Bankr. D.Mont.1992) (holding that all federal agencies are part of a single entity, the United States); *In re The Julien Co.,* 116 B.R. 623, 624 (Bankr. W.D.Tenn.1990) (applying *Cherry* and finding an exception to the mutuality requirement when federal agencies offset obligations).

2. When this opinion was almost ready for filing, a final "Insta Cite" check revealed that on May 23, 1996, the Tenth Circuit Court of Appeals, after rehearing en banc, vacated and withdrew *Turner v. Small Business Admin.,* 59 F.3d 1041, and remanded to the panel "for further consideration." In its en banc opinion, the Court ruled "that the United States is a unitary creditor for purposes of bankruptcy. . . . Therefore, the debts owed from the Turners to the SBA and from ASCS to the Turners are 'mutual debts' and may be set off subject to any applicable exceptions in § 553." 84 F.3d at 1296.

After reviewing the Court's May 23 Decision, we still feel that the collective view of the Bank-

ruptcy Court, the District Court, and the regular panel of the Tenth Circuit Court of Appeals regarding the "mutuality" issue is correct. Federal agencies should not be treated as a single unit under bankruptcy law when multiple agencies appear as creditors in the same case. *See Turner,* 59 F.3d at 1045–46 (noting the separate missions, budgets, and interests peculiar to individual federal agencies). In addition, certain government claims are given priority over other government claims, depending on the agency, the status of the claim, and the applicable Code provisions. *See id.* We respectfully disagree with the en banc Court's reasoning, as well as the result, and following *Darr v. Muratore* we hold that the United States is not a "unitary creditor" *in this bankruptcy case,* vis-a-vis the IRS, HUD, and the Debtor.

3. Although it may be foreign to the average notion of fairness, unequal treatment at the hands of the sovereign is not unheard of, where, for example, the IRS has taken the trouble to give itself priority treatment over other creditors. *See, e.g.,* 11 U.S.C. § 507(a)(8) (allowing for priority distribution to taxing authorities).

$3,362, plus interest since the date of the petition. *See* 11 U.S.C. §§ 522(h)(1) and 550(a). For the reasons discussed above, the Defendant's Cross Motion for Summary Judgment is DENIED.

Enter Judgment consistent with this order.