211 B.R. 443 (1997)
In re Lydia LOPES, Debtor.
Lydia LOPES, Plaintiff, Appellee,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant, Appellant.
Civil Action No. 96-554L, Adversary No. 95-1131, Bankruptcy No. 95-10566.
United States District Court, D. Rhode Island.
August 1, 1997.
*444 Christopher M. Lefebvre, Pawtucket, RI, for Plaintiff/Appellee.
Robin E. Feder, U.S. Attorney's Office, Providence, RI, for Defendant/Appellant.

OPINION AND ORDER
LAGUEUX, Chief Judge.
This matter is before the Court on appeal from an Order ("Order") issued by Judge Arthur Votolato of the United States Bankruptcy Court for the District of Rhode Island on June 17th, 1996. Appellant, the United States Department of Housing and Urban Development ("HUD"), seeks review of the Bankruptcy Court's decision granting summary judgment in favor of Appellee, Lydia Lopes ("Lopes"). For the reasons that follow, the Order is reversed, and the case is remanded to the Bankruptcy Court for entry of judgment for HUD.
I. Background
The material facts are undisputed. In February 1994, HUD, as mortgage holder, foreclosed upon the home of Lydia Lopes, leaving a deficiency balance of $14,000 owing to it by Lopes. On February 27, 1995, Lopes received a notice, after the fact, that the Internal Revenue Service ("IRS") had paid her 1994 federal income tax refund in the amount of $3,362 to HUD, as a partial payment on the remaining amount she owed to HUD. On March 13, 1995, Lopes filed for relief under Chapter 7 of the Bankruptcy Code, after which she brought this adversary proceeding in Bankruptcy Court requesting reimbursement from HUD of the amount paid to HUD by the IRS.
Both Lopes and HUD made motions for summary judgment. In support of her motion, Lopes argued that the IRS payment to HUD was an avoidable setoff under 11 U.S.C. § 553(b) of the Bankruptcy Code because it occurred within the ninety day period before she filed for bankruptcy protection. HUD contended that the setoff was proper and not voidable under § 553(b). After hearing arguments from both parties, the Bankruptcy Court granted summary judgment in favor of Lopes on grounds not addressed by either of the parties. Judge Votolato decided that the setoff was improper because of a lack of mutuality of obligation between the parties, i.e., that HUD and not the IRS was Lopes' creditor. See In re Lopes, 197 B.R. 15, 17-18 (Bankr.D.R.I.1996). The Court also held that, even if mutuality did exist, the setoff was nonetheless impermissible as a voidable preference under 11 U.S.C. § 547(b). Id. at 18. Thereafter, HUD filed *445 an appeal to this Court pursuant to 28 U.S.C. § 158(a), arguing that mutuality did in fact exist between Lopes, on one side, and HUD and the IRS, on the other, because the United States is a unitary creditor for setoff purposes in bankruptcy. After hearing the arguments of counsel, this Court took the matter under advisement. It is now in order for decision.
II. Standard of Review
When reviewing an order of a bankruptcy court under 28 U.S.C. § 158(a), a district court may set aside factual findings only when they are clearly erroneous. See In re Anderson, 128 B.R. 850, 852 (D.R.I.1991). However, when questions of law are involved, de novo review is the appropriate standard. Id. The main question presented here, whether the United States is a unitary creditor for bankruptcy purposes, and the other issues in this case are purely questions of law. Therefore, this Court will review the Bankruptcy Court's decision de novo.
III. Discussion
Rooted in the common law, the setoff mechanism "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding `the absurdity of making A pay B when B owes A'". Citizens Bank of Maryland v. Strumpf, ___ U.S. ___, ___, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995) (quoting Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913)). Stated another way, the right of setoff "allows parties that owe mutual debts to state the accounts between them, subtract one from the other and pay only the balance." In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 896 F.2d 54, 57 (3d Cir.1990). In order to use the setoff mechanism, mutuality must exist between the parties. Mutual debts are "in the same right and between the same parties, standing in the same capacity." 4 Collier on Bankruptcy § 553.94 (15th ed.1992); see also Darr v. Muratore, 8 F.3d 854, 860 (1st Cir.1993).
It is well settled under the common law that the United States is a unitary creditor, a status which allows mutuality to exist in a situation where different government agencies, departments or entities are involved. The Supreme Court clearly established the federal government's right to use the setoff mechanism in Gratiot v. United States, 40 U.S. (15 Pet.) 336, 10 L.Ed. 759 (1841): "The United States possess the general right to apply all sums due for such pay and emoluments, to the extinguishment of any balances due to them by the defendant, on any other account." Id. at 370. Thus, in Gratiot, the Court held that where the United States Army owed pay to a chief engineer, the United States could setoff this debt against a debt owed by the engineer to the Department of the Treasury. Id.
A similar situation was presented in Cherry Cotton Mills, Inc. v. United States, 327 U.S. 536, 105 Ct.Cl. 824, 66 S.Ct. 729, 90 L.Ed. 835 (1946), where a flour tax refund was owed the petitioner under the Agricultural Adjustment Act, and the petitioner owed the Reconstruction Finance Corporation ("RFC") the balance due on a promissory note. The General Accounting Office directed the Treasury Department to issue a check payable to the RFC in the amount of the petitioner's tax refund as a setoff against the petitioner's debt owed the RFC. Id. at 537, 66 S.Ct. at 729. The petitioner sued the United States to recover the tax refund, contending that there was no mutuality because of the RFC's corporate status. Id. Again recognizing the general rule that the United States is a unitary creditor, the Supreme Court held that the setoff was proper, finding that the RFC's corporate status did not change the fact that it was essentially an agency of the United States Government. Id. at 539, 66 S.Ct. at 730. As the Court stated:
Every reason that could have prompted Congress to authorize the Government to plead counterclaims for debts owed to any of its other agencies applies with equal force to debts owed to the R.F.C. Its Directors are appointed by the President and confirmed by the Senate; its activities are all aimed at accomplishing a public purpose; all of its money comes from the Government; its profits, if any, go to the *446 Government; its losses the Government must bear.
Id. at 539, 66 S.Ct. at 730.
The same is true of the relationship between HUD and the IRS. The United States is necessarily comprised of many different departments or entities, each with a specialized structure and purpose. However, these entities are part of the same whole  namely, the United States Government. See Small Bus. Admin. v. McClellan, 364 U.S. 446, 450, 81 S.Ct. 191, 195, 5 L.Ed.2d 200 (1960) (specialized agency is "an integral part of the governmental mechanism"); United States Dep't of Agric. v. Remund, 330 U.S. 539, 541-42, 67 S.Ct. 891, 892-93, 91 L.Ed. 1082 (1947) (similar).
Moreover, numerous statutory provisions authorize the United States to use inter-agency setoffs to satisfy debts, demonstrating a Congressional intent that the United States be deemed a unitary creditor for virtually all purposes. For example, 31 U.S.C. § 3720A authorizes the Secretary of the Treasury to use tax refunds as payment of past-due legally enforceable debts owed to any federal agency. Similarly, 31 U.S.C. § 3716(a) provides that "[a]fter trying to collect a claim from a person . . . the head of an executive, judicial, or legislative agency may collect the claim by administrative offset."[1]See also 31 U.S.C. § 3728 (judgment against United States may be offset with debt owed by plaintiff).
Although this case evolved in Bankruptcy Court and involves bankruptcy law principles, that does not in any way render common law setoff rights inapplicable. On the contrary, as a general rule, setoff rights recognized by the common law are also valid in bankruptcy, as section 553 of the Bankruptcy Code explicitly preserves setoff rights found in non-bankruptcy law. Section 553(a) states that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." (emphasis added). As the First Circuit stated in Darr v. Muratore, 8 F.3d 854 (1st Cir.1993), "Section 553 does not create new substantive law, but incorporates in bankruptcy the common law right of setoff, with a few additional restrictions." Id. at 860.[2]
While the First Circuit has not yet addressed the exact issue before this Court, other circuits have relied on Cherry Cotton Mills to declare that the United States and its agencies are unitary creditors in bankruptcy. Luther v. United States, 225 F.2d 495 (10th Cir.1954), is a particularly instructive case because it presented an almost identical question to that before this Court. There, the Tenth Circuit decided that the United States is a unitary creditor in bankruptcy, permitting the debtor's income tax refund to be paid to the Community Credit Corporation to offset the debtor's obligation to that entity. Id. at 498. In so holding, the Court found Cherry Cotton Mills controlling and dismissed the argument that the setoff would be improper due to a lack of mutuality. Id. More recently, the Tenth Circuit reaffirmed this conclusion in In re Turner, 84 F.3d 1294 (10th Cir.1996), where a setoff was allowed of Agricultural Stabilization and Conservation Service payments owed to the debtors against the debt owed by them to the Small Business Administration. As the Court explained:
[T]he clear language of § 553 leaves little doubt that such administrative offset rights are preserved, not lost, in bankruptcy. Maintaining the United States' status as a unitary creditor for purposes of setoff under § 553 both comports with the language of the section and avoids any inconsistencies between the setoff provisions of the Bankruptcy Code and 31 U.S.C. § 3716(a), the statutory grant of the right to collect debts by administrative offset.
Id. at 1298.
The Ninth Circuit also relied upon Luther in Doe v. United States, 58 F.3d 494 (9th *447 Cir.1995). In discussing the Bankruptcy Code's provisions concerning waiver of sovereign immunity and setoff, see 11 U.S.C. § 106, the Court noted that the federal government is usually "treated as a single unitary creditor under the offset provisions of 11 U.S.C. § 553," id. at 498, and held that "for purposes of waiver of sovereign immunity and setoff under 11 U.S.C. § 106, all agencies of the United States, except those acting in some distinctive private capacity, are a single governmental unit." Id.[3]
Despite the overwhelming authority stating otherwise, the Bankruptcy Court concluded that government agencies are distinct entities for setoff purposes. The Court rested its decision on three grounds. First, the Court relied upon Darr v. Muratore, 8 F.3d 854 (1st Cir.1993), for the proposition that there was no mutuality between the parties in this case. Second, the Court cited In re Lakeside Community Hosp., Inc., 151 B.R. 887 (N.D.Ill.1993), in support of the view that Congress intended "governmental units" to be separate entities under the Bankruptcy Code. Lastly, the Court decided that sections 101(15) and 101(27) of the Bankruptcy Code define "entity" and "governmental unit" in a manner that "require[s] that federal agencies be treated as individual entities, separate and distinct from one another." In re Lopes, 197 B.R. at 18.[4] It is clear, however, that the Bankruptcy Court's decision cannot survive careful scrutiny.
First, the Bankruptcy Court's reliance on Darr v. Muratore, 8 F.3d 854 (1st Cir.1993) is misplaced. The portion of Darr relied upon by the Bankruptcy Court concerned the lack of mutuality which resulted from a breach of fiduciary duty by the debtor, a situation which does not address the status of the government as a unitary creditor and thus has no bearing upon the case at bar. Id. at 860. There is nothing in Darr to support the proposition that there is no mutuality of obligation in this case. Indeed, the only portion of Darr even remotely relevant to this issue is the Court's statement that "setoff in the context of a bankruptcy is not automatic. Under section 553, debts cannot be setoff unless they are mutual." Id. This does not shed any light upon the question of whether mutuality was lacking in this case, but only restates what is already clear  that in order to effect a setoff, the debts must be mutual. By stating that the Bankruptcy Code preserves common law setoff rights, Darr does not provide support for the Bankruptcy Court's position.
Moreover, the Bankruptcy Court's reliance on In re Lakeside Community Hospital, Inc., 151 B.R. 887 (N.D.Ill.1993) was improper. Significantly, Lakeside concerned whether there was mutuality when separate state agencies were involved, a question that is wholly different than that before the Court now. Further, the Court in Lakeside relied on In re Hancock, 137 B.R. 835 (Bankr. N.D.Okla.1992), which preceded the Tenth Circuit's Turner decision and is therefore no longer good law. In any event, to the extent that Lakeside did hold that federal agencies are separate and distinct entities in bankruptcy, this is a view that has been discredited, and one with which this Court does not agree.
Finally, the Bankruptcy Court's reading of the definitional section of the Code is not a plausible one in this context. The Bankruptcy Court read the definitions in sections 101(15) and 101(27), see supra note 4, to require separate treatment of government entities. However, the fact that the Code includes "governmental unit" as one of the meanings of the term "entity" and further *448 defines "governmental unit" to include the United States, an individual agency, or a department, does not naturally lead to the conclusion that federal agencies should be treated as discreet entities, thus destroying the mutuality requirement to effect a setoff. On the contrary, given the "does not affect" language in § 553 and the duty of courts to harmonize statutes when at all possible,[5] it is more reasonable to conclude that these definitions should not be read to upset established principles of common law setoff rights. Instead, Congress more likely meant that different government entities may be referred to in the Code as an "entity" or a "governmental unit", terms which may include an agency, a department, or the United States in general. Therefore, the Bankruptcy Court's interpretation of the definitional section of the Code undermines Congress' intent that the Bankruptcy Code preserve, not supersede, the rights established by statute by authorizing interagency setoffs in the bankruptcy context.[6] Such disregard of legislative intent is unacceptable. See Badaracco v. Commissioner, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.")
As an alternative ground for its holding, the Bankruptcy Court found that even if mutuality did exist in this case, the setoff of Lopes' tax refund was improper as a voidable preference under section 547(b) of the Code. That conclusion is simply legally incorrect.
Section 553(a) states, in relevant part, "Except as otherwise provided in this section . . . this title does not affect any right of a creditor to offset a mutual debt." While section 553 explicitly lists exceptions to the setoff rule, Congress chose not to include section 547 in this list. Courts have interpreted this absence as an apparent indication "that questions of setoff are governed exclusively by section 553 of the Bankruptcy Code." In re Dillard Ford, Inc., 940 F.2d 1507, 1512 (11th Cir.1991); see also Lee v. Schweiker, 739 F.2d 870, 873 n. 4 (3d Cir. 1984) (language of section 553 dictates that for setoffs, section 553, not section 547, governs). This Court agrees with this view and, therefore, the Bankruptcy Court's decision regarding the applicability of section 547(b) was legally erroneous.
In short, this Court agrees with the rule as articulated in Cherry Cotton Mills, Luther, and Turner, and, thus, concludes that the federal government should be considered a unitary creditor in bankruptcy in this case. In addition, the Bankruptcy Court's conclusion that the setoff was a voidable preference under section 547(b), was legally erroneous.[7] Therefore, it is necessary to reverse the Bankruptcy Court's Order of July 17, 1996.
As a final matter, although the Bankruptcy Court did not address the issue, the original question brought before it concerned the applicability of section 553(b) to the use of Lopes' income tax refund as a setoff. Since this issue presents a question of law that requires no further factual development, there is no need for a remand on this issue.
Section 553(b)(1) states, in relevant part:
[I]f a creditor offsets a mutual debt owing to the debtor against a claim against the *449 debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of 
(A) 90 days before the date of the filing of the petition; and
(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
11 U.S.C. § 553(b)(1). "Insufficiency" is defined in section 553(b)(2) as the "amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim." 11 U.S.C. § 553(b)(2).
Lopes contends that the setoff amount is recoverable under section 553(b) because, due to the early-1995 issuance of her 1994 income tax refund by the IRS, the insufficiency ninety days prior to the filing of her bankruptcy petition was greater than the insufficiency at the time of setoff. This argument is unconvincing, because it is based upon a fundamental misconception of what constitutes an "insufficiency" and when the manipulation of an insufficiency is disallowed under section 553(b)(1).
Congress' purpose in enacting section 553(b)(1) was to prevent an "improvement in position" by one creditor at another's expense  not to prohibit a setoff of a mutual debt that arises during the prepetition period.[8]See Lee v. Schweiker, 739 F.2d 870, 877 (3rd Cir.1984). Summarizing the legislative intent, the Third Circuit stated: "[t]he concern of Congress in enacting the improvement in position test was that creditors, primarily banks, that had mutual accounts with the debtor would foresee the approach of bankruptcy and scramble to secure a better position for themselves by decreasing the `insufficiency,' to the detriment of the other creditors."
However, as with a setoff, there can be no "insufficiency", as that term is defined by section § 553(b)(2), unless there are first mutual debts owing between the parties. By Lopes' own admission, on December 12, 1994, the first day of the 90-day prepetition period, the IRS owed her nothing, her tax refund being only an expectancy. Appellee's Brief at 8. As such, at this time, there were no mutual debts owed between the parties and, therefore, no insufficiency. During the 90-day prepetition period, however, the income tax refund was issued, and an insufficiency of $10,638 arose. Contrary to Lopes' proposition, section 553(b)(1) does not bar the creation of an insufficiency during the 90-day prepetition period,[9] but instead permits the trustee[10] to recover the setoff amount only if the insufficiency is less at the time of setoff than when it arose. As the Court correctly stated in In re Hankerson, a case improvidently relied upon by plaintiff, "the extent of a creditor's non-allowable improvement is measured only by any change, favorable to the creditor, of any `insufficiency'." 133 B.R. 711, 715 (Bankr.E.D.Pa.1991) (emphasis in original), rev'd on other grounds, 138 B.R. 473 (E.D.Pa.1992) and 146 B.R. 653 (E.D.Pa. 1992). Here, there was no change in the insufficiency amount owed by the plaintiff; it remained constant throughout the prepetition period. Therefore, section 553(b)(1) does not provide a ground for recovery of the setoff amount in this case.
The United States did not try to improve its position in any way during the prepetition period at the expense of Lopes' other creditors, it simply setoff the tax refund amount as it was legally entitled to do under section 553. Because the insufficiency remained constant throughout the entire period, section § 53(b) does not apply.
*450 IV. Conclusion
The Bankruptcy Court's decision and Order of July 17, 1996 is hereby reversed. The original issue raised by the parties (and not decided by the Bankruptcy Court), pertaining to the applicability of section 553(b), has been considered by this Court de novo and is decided in favor of HUD. In summary, Section 553 of the Bankruptcy Code was properly utilized by the IRS and HUD in setting off plaintiff's tax refund against her outstanding debt to HUD. Therefore, HUD's motion for summary judgment should have been granted, and Lopes' motion for summary judgment should have been denied.
The case hereby is remanded to the Bankruptcy Court for the entry of judgment for HUD.
It is so ordered.
NOTES
[1] "Administrative offset" is defined as "withholding money payable by the United States Government to, or held by the Government for, a person to satisfy a debt the person owes the Government." 31 U.S.C. § 3701(a)(1).
[2] Aside from the mutuality issue discussed herein, none of the other limitations provided by section 553(a) of the Code are relevant to this case, nor were they raised before this Court.
[3] The Doe Court noted that "certain federal agencies such as the Federal Deposit Insurance Corporation are viewed as separate governmental units when they act in their private receivership capacity," but makes it clear that this is the exception, not the rule. Id. at 498. No such exception is applicable to this case, as HUD is not acting in a private capacity.
[4] 11 U.S.C. § 101(15) defines "entity" to include a "person, estate, trust, governmental unit, and United States trustee." "Governmental unit" is further defined to mean "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government". 11 U.S.C. § 101(27).
[5] Case law shows a logical propensity for reading the Bankruptcy Code and statutes authorizing interagency setoffs in harmony with one another. As stated by the Supreme Court, "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Morton v. Mancari, 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). It is not difficult to read § 553 and the statutes authorizing interagency setoff so as to complement, not negate, one another. The statutes authorize the United States to effect interagency setoffs to satisfy outstanding debts, and § 553 of the Code preserves that right in bankruptcy.
[6] See In re Turner, 84 F.3d at 1297-98 ("It is true that the Bankruptcy Code does recognize a difference between the United States and an agency of the United States government, but this in no way demonstrates an intent to erode the right of administrative offset that exists outside of bankruptcy.")
[7] Finally, the Court sees no merit in Lopes' contention that allowing an interagency setoff, such as this one, would be inequitable or would otherwise contradict the remedial purposes of the Bankruptcy Code.
[8] Indeed, by the inclusion of subpart (B), section § 553(b)(1) contemplates that a mutual debt that arises during the 90-day period could be properly setoff.
[9] The Court notes that § 553(a)(3) of the Code explicitly addresses the situation where the creditor's offsetting debt arises during the prepetition period. Under that section, a setoff is prohibited only in cases where the creditor incurred this debt "for the purpose of obtaining a right of setoff against the debtor." 11 U.S.C. § 553(a)(3). Clearly, this is not such a case.
[10] It should be noted that section 553(b)(1) permits the "trustee" to recover the setoff amount, not the debtor, a fact which plaintiff fails to address.