**In re Theresa F. KILLEN, Debtor.**

**United States of America, Department of Housing & Urban Development, Movant,**

v.

**Theresa F. Killen, Tracy A. Saxe, Chapter 7 Trustee, Respondents.**

**No. 99–20792.**

United States Bankruptcy Court, D. Connecticut.

June 13, 2000.

William Collier, Ann M. Nevins, Assistant United States Attorneys, Office of United States Attorney, Bridgeport, CT, for Movant.

Glen Rosenberg, Law Sense, Enfield, CT, for Debtor–Respondent.

### RULING ON MOTION FOR RELIEF FROM STAY NUNC PRO TUNC AND/OR TO ANNUL THE AUTOMATIC STAY

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

#### I.

The overriding purpose of the motion before the court, filed on December 23, 1999 by the United States of America ("movant"), is to have the court ratify a postpetition offset of a Chapter 7 debtor's prepetition federal tax refund against a prepetition debt due the United States Department of Housing and Urban Development ("HUD"). The debtor objects to the motion for a variety of reasons. The parties requested that the court rule based upon the pleadings and the parties' memoranda of law.

#### II.

Theresa F. Killen, the debtor, filed her Chapter 7 petition on March 3, 1999. Her bankruptcy schedules, as amended, list a debt due from her to HUD in the amount of $23,963.81, and a federal tax refund due to her from the Internal Revenue Service (IRS) of $2,755 for the 1998 tax year. On March 5, 1999, HUD, prior to receiving notice of the debtor's bankruptcy filing, offset the IRS refund against the HUD debt and on that date so advised the debtor by letter. In this proceeding, HUD seeks an order annulling the automatic stay established by Bankruptcy Code § 362(a) that became effective upon the filing of the debtor's petition so that HUD's offset may be given full force and effect.

#### III.

Bankruptcy Code § 553(a) provides that "this title does not affect the right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor

against the debtor that arose before the commencement of the case.... " Section 553(a)(3) prohibits offset if the debt owed to the creditor was incurred "(A) after 90 days before the date of the filing of the petition; (B) while the debtor was insol-vent; and (C) for the purpose of obtaining a right of setoff against the debtor."

## IV.

The debtor's objections include: (1) the debts due HUD and from the IRS are not mutual and therefore may not be offset, (2) HUD waived its right of offset based upon a "Due Process Notice" HUD sent the debtor, (3) HUD waived its right to offset due to the nine-month delay between the offset and the filing of the instant motion and (4) "it was HUD's express purpose to obtain an administrative setoff against the debtor", in violation of § 553(a)(3). In her "reply," the debtor argues that, even if an offset would otherwise be permitted, the tax refund at issue is exempt and may not be offset.

## V.

### A. Mutuality of Debts

■ The debtor denies that the IRS debt and the HUD debt are mutual debts because "one federal agency may not off-set another federal agency's debt to the debtor." Debtor's Memorandum at 2. She cites *In re Rinehart*, 76 B.R. 746 (Bankr. D.S.D.1987) to support her assertion. *Rinehart* ruled that the Small Business Administration cannot offset Agricultural Stabilization and Conservation Service— Commodity Credit Corporation farm program payments. Case law, in general, is to the contrary. *See* authorities cited in *In re Lopes*, 211 B.R. 443, 445 (D.R.I.1997) (the IRS and HUD are to be considered as one entity for purposes of § 553(a) offset analysis); *cf. In re Charter Oak Associates*, 203 B.R. 17 (Bankr.D.Conn.1996) (*Dicta*—publicly acting agencies of the fed-

eral government are a single governmental unit for the purposes of offset). The debt-or's objection as to mutuality is overruled.

### B. The HUD Due Process Notice As Waiver

■ Under date of December 14, 1998 (i.e. prepetition), HUD sent to the debtor a form document of three pages entitled "Due Process Notice" referring to the loan in default held by HUD ("the Notice"). The Notice,[1] after detailing HUD's rights to garnish wages, seize income tax refunds and other federal payments on nonpayment of the debt, contained the following paragraph.

> BANKRUPTCY. If you filed for bankruptcy and were discharged, or if you have not received a discharge and the automatic stay is in effect, you are not subject to these actions. You may avoid offset by sending copies of your bankruptcy petition, court order of relief, and the schedule of creditors or the discharge order directly to (HUD).

The debtor claims that "HUD waived its right to seek an offset in that it corresponded with the debtor and indicated that in the event the debtor filed bankruptcy, HUD would not collect its debt by setoff or otherwise." Debtor's Memorandum at 2.

The movant contends that the debtor has misinterpreted the Notice, that the intent of the Notice was to advise that if the debtor had received a discharge an offset could be avoided, or if the automatic stay was in effect a offset would not be undertaken. The movant argues that the Notice does not state that HUD waives its right to seek relief from the automatic stay for the purpose of effecting a offset under § 553(a).

■ "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82

---

1. *See* 31 U.S.C. § 3720A (The Debt Collection Improvement Act of 1996). No issue is raised

as to whether the government agencies complied with the provisions of this act.

L.Ed. 1461 (1938). The court concludes, notwithstanding the somewhat incomplete language of the Notice, that the Notice does not waive HUD's offset right under § 553(a). The debtor points to no other conduct of HUD to imply such a waiver. This objection is overruled.

### C. Waiver Based Upon Movant's Delay In Filing Motion

 The debtor claims, due to the nine-month delay of the movant in filing its motion, that the holding in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) "suggests a finding that the stay has been violated and that setoff is waived...." (Debtor's Memorandum at 3.) The holding in *Strumpf* was that a creditor of a debtor may, in order to protect its offset rights, temporarily withhold payment of a debt it owes to the debtor without violating the automatic stay imposed by § 362(a). This court finds nothing in the *Strumpf* ruling to support the debtor's objection, and the objection is overruled.

### D. Violation of § 553(a)(3)

The court finds the debtor's contention that she is entitled to prevail under § 553(a)(3) unsupported and meritless. As the movant points out, for § 553(a)(3) to be applicable, HUD would have had to purposefully create the 1998 tax refund with the intent to offset, a clearly untenable proposition. The objection is overruled.

### E. Exemption

 In a "reply" to the movant's memorandum, the debtor, for the first time, raised the issue of the debtor having claimed in her schedule the tax refund as exempt, and no objections to the exemption having been filed. The debtor correctly cited *United States v. Jones (In re Jones)*, 230 B.R. 875 (M.D.Ala.1999), as authority for the proposition that an ex-

emption is not subject to offset against a dischargeable debt. *See* § 522(c) (detailing liability of exempt property). The movant has offered no response to the debtor's assertion of exemption. The court, accordingly, concludes that the debtor's claim of exemption precluded the movant from offsetting a dischargeable debt and the movant's motion cannot be granted.

### VI.

### CONCLUSION

In accordance with the preceding discussion, the court concludes that the motion for relief from stay be denied.[2] It is

SO ORDERED.

---

2. The court assumes the movant will take the necessary actions to remit the exempted funds to the debtor.