In re Susan K. ALLEN, Debtors.

No. 01–00411S.

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

Aug. 21, 2001.

Wil L. Forker, Sioux City, IA, for debtor.

### ORDER RE: MOTION FOR TURNOVER

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is the debtor's motion to require the United States Department of Housing and Urban Development (HUD) to turn over a tax refund and earned income credit claimed exempt. Hearing was held in Sioux City on June 19, 2001. Wil L. Forker appeared for debtor Susan Allen. Martha Fagg, Assistant U.S. Attorney, appeared for the United States, on behalf of HUD and the Department of Agriculture (USDA). This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (O).

### Findings of Fact

Susan Allen filed a Chapter 7 bankruptcy petition on February 20, 2001. In her schedule of personal property, she listed interests in a federal tax refund of $202 and an earned income credit of $1,964. She claimed these interests exempt. No one objected. Allen's schedule of unsecured creditors showed a debt of $10,618.93 owed to HUD. The creditors' names for this debt were listed as Debt Management Servicing Center, Birmingham, Alabama, and Diversified Collection Services, Castro Valley, California.

Post-petition, the U.S. Department of Treasury seized the tax refund and earned income credit pursuant to the federal intercept statute, 26 U.S.C. § 6402(d). By letter dated May 3, 2001, referencing Allen's Chapter 7 case number, the Albany office of HUD advised Mr. Forker that it had applied $1,698.46 to Allen's debt to HUD and had forwarded $467.54 to the USDA. The HUD director further advised that it was taking the position that "the offset is a pre-petition setoff and it is HUD's right to keep the full refund." Exhibit 2. Allen was not aware that she owed a debt to the USDA. On June 1, 2001, Allen filed a motion seeking recovery of the amount set off.

### Discussion

The filing of a bankruptcy petition operates as an automatic stay of the exercise of setoff rights. 11 U.S.C. § 362(a)(7).

Allen has not sought a ruling on whether there has been a violation of the stay. If the stay was violated, the setoff was void, and HUD must seek the court's permission to offset.

Allen bases her motion not on violation of the stay, but on the proposition that a creditor may not exercise the right of setoff against a bankruptcy debtor's exempt property, citing *In re Pace*, 257 B.R. 918 (Bankr.W.D.Mo.2000); *United States v. Killen (In re Killen)*, 249 B.R. 585 (Bankr. D.Conn.2000); and *Jones v. United States (In re Jones)*, 212 B.R. 680 (Bankr. M.D.Ala.1997), *aff'd*, 230 B.R. 875 (M.D.Ala.1999). *See also Alexander v. Commissioner, Internal Revenue Service*, 225 B.R. 145 (Bankr.W.D.Ky.1998), *aff'd*, 245 B.R. 280 (W.D.Ky.1999).

■ The right of setoff allows two parties to "apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' " *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18–20, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995) (quoting *Studley v. Boylston National Bank*, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)). The Bankruptcy Code addresses setoff rights in § 553, which provides in relevant part:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a). Section 553 does not create a setoff right. Rather, it preserves, with certain exceptions, the right of setoff that a creditor would otherwise have absent bankruptcy. *Citizens Bank v. Strumpf*, 116 S.Ct. at 289.

■ In order to establish a right of setoff in bankruptcy, a creditor must show that it owes a pre-petition debt to the debtor, that it has a pre-petition claim against the debtor, that the debt and claim are mutual obligations, and that the creditor has a right to setoff under non-bankruptcy law. *United States v. Krause (In re Krause)*, 261 B.R. 218, 222 (8th Cir. BAP 2001).

■ Allen does not dispute that the tax refund owed her and the government's claim against her are pre-petition, mutual obligations. The government's right of setoff arises under 26 U.S.C. § 6402(d), which provides that the Secretary of the Treasury may reduce a person's tax refund to collect delinquent debt owed to any federal agency. *See Bosarge v. United States Dept. of Education*, 5 F.3d 1414, 1417–18 (11th Cir.1993) (discussing tax refund intercept procedure); *In re Bourne*, 262 B.R. 745, 749–50 (Bankr.E.D.Tenn. 2001) (same). The federal intercept statute does not provide for state exemptions. *Bourne*, 262 B.R. at 749–50 (discussing the *Bosarge* decision). The Supremacy Clause of the United States Constitution prevents state exemption law from defeating the government's setoff rights provided under 26 U.S.C. § 6402. *Id.* Therefore, outside of bankruptcy, the federal government has the right to collect debt by offsetting against exempt tax refunds.

■ The cases cited by Allen say, essentially, that setoff against exempt property is prohibited by 11 U.S.C. § 522(c). Her motion for turnover presents an issue that has created a split of authority. Allen's position is apparently the majority view. *See* 5 Collier on Bankruptcy ¶ 553.03[3][e][iv] (15th ed. rev.2001). Section 522(c) provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, except-

(1) a debt of a kind specified in section 523(a)(1) or 523(a)(5) of this title;

(2) a debt secured by a lien that is-

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed [under certain circumstances to a regulatory agency of federal depository institutions].

Allen argues that the exceptions in § 522(c) are not applicable, and that her right to exempt the tax refund and earned income credit must prevail over the government's right to offset against the funds. HUD does not contend that its setoff right is an unavoidable lien.

A representative case for the minority view is *In re Bourne*, 262 B.R. 745 (Bankr. E.D.Tenn.2001). The *Bourne* case also involved a post-petition setoff of a tax refund against a dischargeable debt owed to HUD. The debtor had scheduled her interest in the tax refund and claimed it exempt. She sought recovery of the setoff, claiming that § 522(c) prevented offset against exempt property. The court agreed with the debtor that the enumerated exceptions in § 522(c) were not applicable. The debt was a general unsecured, dischargeable obligation. The court further considered whether § 506(a), which treats a claim subject to offset as a secured claim, gave the government a lien within the meaning of § 522(c)(2). The court concluded that it did not. *Bourne*, 262 B.R. at 752.

The court then made a thorough analysis of the two lines of authority arising from the apparent conflict between §§ 553 and 522(c). *Id.* at 752–54. The court sided with the minority of courts finding that § 522(c) does not prevent offset against exempt property. The debtor's motion was denied.

This court agrees with the *Bourne* court's conclusion. Section 553 is absolute in its terms. Title 11 "does not affect any right of a creditor to offset" pre-petition, mutual debts. 11 U.S.C. § 553(a). With certain exceptions listed in the statute itself, § 553 preserves the setoff rights that a creditor would have outside of bankruptcy. The debtor's interest in the tax refund which comes into the estate is subject to the right of setoff. It is a debtor's "interest" in a tax refund that is to an extent exempt. Iowa Code § 627.6(9)(c). That interest is limited by the government's rights. Otherwise, the claim of exemption itself would extinguish the setoff right in contravention of the federal statutes providing for the right. The right of setoff is preserved, and may be exercised even after discharge, unless the right is extinguished under applicable law.

The Bankruptcy Code permits a debtor to recover a setoff and exempt such property if the trustee could have recovered the setoff under § 553. 11 U.S.C. § 522(g), (h). The grounds in § 553 for the trustee's recovery of a setoff do not include the exempt status of the fund against which the creditor's claim was set off. That is, the Bankruptcy Code has not provided a procedure parallel to § 522(f) to extinguish the right of setoff to the extent that the setoff right impairs an exemption.

■ The majority analysis would nullify § 553. Permitting the offset would give effect to both § 553 and § 522(c). Only a creditor with a valid right of setoff is able to exercise the right against exempt property. Exempt property in excess of the amount of setoff remains exempt from the claims of all other creditors. *Bourne,* 262 B.R. at 756–57.

Further evidence of the special status of setoff rights is found in § 542(b), which provides that-

> an entity that owes a debt that is property of the estate ... shall pay such debt to, or on the order of, the trustee, *except to the extent that such debt may be offset* under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b) (emphasis added). *See Bourne,* 262 B.R. at 754–56 (discussing the distinction between §§ 542(a) and (b)).

## ORDER

IT IS ORDERED that debtor's motion for turnover is denied.