**Michael D. KLEINSMITH, Debtor.**

**Michael D. Kleinsmith, Plaintiff,**

v.

**Alcoa Employees & Community Credit Union, Defendants.**

**Bankruptcy No. 05–04233.**
**Adversary No. 06–30105.**

United States Bankruptcy Court, S.D. Iowa.

Dec. 29, 2006.

Steven E. Balk, Silvis, IL, for Debtor.

R. Craig Oppel, Muscatine, IA, for Defendant.

## ORDER RE: COMPLAINT

PAUL J. KILBURG, Bankruptcy Judge.

This matter came before the undersigned for ruling on stipulated facts and briefs in lieu of trial. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

## STATEMENT OF THE CASE

Debtor seeks judgment against Alcoa Employees and Community Credit Union for amounts it set off against Debtor's

accounts at the Credit Union. He asserts two of the accounts are exempt child support and the other account is his daughter's. The Credit Union asserts it is entitled to setoff based on consensual liens granted by Debtor.

## FINDINGS OF FACT

The parties opted to submit this matter on stipulated facts and briefs in lieu of trial. The Court will make findings of fact based on the parties' stipulation and other documents in the record.

Debtor filed his Chapter 7 case on June 10, 2005. He initiated this adversary proceeding on March 16, 2006. The complaint asserts the Credit Union improperly set off Debtor's accounts and asks for judgment of $1,000.

On the petition date, there were three accounts at the Credit Union under Debtor's name with the following balances:

| Account No. | Owners | Balance on 6/10/2005 |
|---|---|---|
| 112010 | Michael and Tammy Kleinsmith | $ 31.06 |
| 523540 | Michael and Tammy Kleinsmith | 139.51 |
| 439300 | Lindsey, Tammy and Michael Kleinsmith | 264.65 |

Pursuant to the stipulated facts, the first two accounts consist solely of child support funds. On Debtor's amended Schedules B and C, he lists "Child support account at Alcoa Credit Union" with a value of $900 and claims it exempt under Iowa Code sec. 627.6(8)(d). By October 31, 2005, the balance in the second account was $694.59. Debtor asserts that the third account belongs to his daughter, although he is also named as an owner.

The Credit Union has a claim against Debtor of approximately $1,404 from a revolving loan account. Postpetition, the Credit Union placed an administrative hold on all three accounts in Debtor's name. In its brief, the Credit Union states it has not set off the accounts and the deposits in the accounts remain awaiting the Court's decision.

The parties stipulate that Debtor entered into a Membership and Account Agreement with the Credit Union when he became a member. Paragraph 3(c) provides that the Credit Union may enforce its rights "against any account of an owner or all funds in a joint account regardless of who contributed them." Paragraph 19 provides that Debtor grants the Credit Union a lien on all accounts to secure all obligations he has to the Credit Union.

The parties additionally stipulate that Debtor has incurred approximately $1,000 in attorney fees and costs in pursuit of this matter. In his brief, Debtor asserts the Credit Union willfully violated the automatic stay by seizing the funds in his accounts and requests an award of attorney fees.

## CONCLUSIONS OF LAW

There are several questions to be answered in this adversary proceeding. The Court must determine the extent of the Credit Union's rights, whether the Credit Union may use setoff to enforce its rights against Debtor's exempt property, whether the Credit Union may use setoff against a joint account and whether the Credit Union violated the automatic stay.

## CREDIT UNION'S RIGHTS

As an initial matter, the Court notes that the Credit Union's claim, and rights to setoff, are fixed at the time Debtor filed his bankruptcy petition. *See In re Wade*, 354 B.R. 876, 880–81 (Bankr. N.D.Iowa 2006). Post-petition appreciations in the value of property inure to the benefit of the debtor. *Id.* Under this principle, the Credit Union has no rights in any funds deposited in Debtor's accounts postpetition.

The Credit Union asserts a contractual lien in the accounts in Debtor's name. In the Northern District of Iowa, the Bank-

ruptcy Court has stated that "[t]he reservation of a security interest by a financial institution in deposits held by that institution only reserves to the financial institution the right of setoff and does not create a substantive lien in the depositor's accounts." *In re Hinderks*, 1989 WL 434164, at *7 (Bankr.N.D.Iowa 1989) (Melloy, J.). The *Hinderks* court noted, however, that the credit union had a statutory lien under Iowa Code sec. 533.12. Sec. 533.12 was amended in 2004 to remove the language which grants a credit union a lien on the shares and deposits of its members. 2004 Iowa Acts ch. 1141, § 42. Based on the foregoing, the Court concludes that the Credit Union does not have a contractual or statutory lien on Debtor's accounts. Rather, the membership agreement reserves to the Credit Union a right of setoff.

## SETOFF AGAINST EXEMPT PROPERTY

The *Hinderks* case also addressed the issue of whether a credit union's right of setoff applies against exempt property. *Id.* at *7–8. The court stated: "Were it not for the statutory lien, the Court would be inclined to find that the Credit Union's contractual lien reserved to the Credit Union only the right of setoff, which would not apply against exempt property." *Id.* at *8. This is based on Iowa case law related to the issue. In *Banks v. Rodenbach*, 54 Iowa 695, 7 N.W. 152 (Iowa 1880), the court found that a debtor's exempt earnings were not subject to setoff. Likewise, in *Millington v. Laurer*, 89 Iowa 322, 56 N.W. 533, 535 (Iowa 1893), the court applied the statute exempting personal earnings from attachment or execution to bar a judgment creditor from reaching such earnings through setoff. The court noted that laws exempting property of debtors are to be liberally construed. *Id.* at 534. It concluded: "The defendant could not have appropriated the [exempt]

money in controversy by means of an execution,—the ordinary method of enforcing a judgment,—but seeks to accomplish what he is prohibited from doing directly by indirect means. This the law will not permit." *Id.* at 535; *see also Ohio Cas. Ins. Co. v. Galvin*, 222 Iowa 670, 269 N.W. 254, 256 (Iowa 1936) (applying *Millington*); E.G. Knight, Annotation, *Availability of Debtor's exemption to defeat counterclaim or set-off*, 106 A.L.R. 1070 (1937) (identifying Iowa as one of the states with the view that exemption precludes counterclaim or set-off). Applying this precedent, the court in *Hinderks* stated:

> The principle that exempt property may not be reached by a creditor through set off is thus an old and established principle in Iowa. The Court therefore finds that the Credit Union does not have the right of setoff in funds of the Debtor's which are exempt.

*Hinderks*, 1989 WL 434164, at *7.

A case arising more recently in the Northern District of Iowa appears to be at odds with *Hinderks*. In *In re Allen*, 266 B.R. 713, 715 (Bankr.N.D.Iowa 2001), the court held that the federal government had the right to collect debt by offsetting against the debtor's exempt tax refunds. It noted that the debtor's right to exempt tax refunds is limited by the government's right of setoff arising in the federal intercept statute, 26 U.S.C. § 6402(d). *Id.* at 715–16. The *Allen* case is distinguishable from this case and from *Hinderks*. *Allen* considers a federal statutory right to setoff. This case and *Hinderks* deal with state law rights.

█ Based on the foregoing, the Court concludes that the Credit Union may not set off debt against Debtor's accounts which contain exempt child support funds. The parties stipulate that two of Debtor's three accounts consist solely of child support funds. Child support is exempt under Iowa Code sec. 627.6(8)(d) (2005).

Having no valid lien on Debtor's accounts, the Credit Union is precluded from setting off its claim against Debtor's exempt funds.

## SETOFF AGAINST JOINT PROPERTY

The Credit Union also claims a right to setoff Debtor's debt against the account which is a joint account with Debtor's daughter. The undersigned recently considered similar arguments in *In re Cullen,* 329 B.R. 52, 56 (Bankr.N.D.Iowa 2005). That ruling stated:

■ In order for [the credit union] to establish its right of setoff, it must demonstrate:

1. A debt exists from the creditor to the debtor and that debt arose prior to the commencement of the bankruptcy case.

2. The creditor has a claim against the debtor which arose prior to the commencement of the bankruptcy case.

3. The debt and the claim are mutual obligations.

■ To be mutual, the court must find that: (1) the debts are in the same right; (2) the debts are between the same parties; and (3) the parties stand in the same capacity. "The mutuality requirement is strictly construed. . . . The right to setoff under § 553 is permissive, not mandatory." There can be no right to setoff where a creditor seeks to setoff its claim against one party in satisfaction of a debt owed to a third party. As a general rule, a joint debt cannot be set off against a separate debt, or conversely, a separate debt against a joint debt.

■ *Id.* at 56–57 (citations omitted). During a joint tenancy, each joint tenant is liable to have the tenant's fractional interest taken in satisfaction of the tenant's debts. *Frederick v. Shorman,* 259 Iowa 1050, 147 N.W.2d 478, 484 (Iowa 1966). As a general rule, garnishment is effective

only to the extent of the debtor's interest in the property attached and the lien of garnishment does not displace prior equities or rights. *Verschoor v. Miller,* 259 Iowa 170, 143 N.W.2d 385, 389 (Iowa 1966); *In re Kondora,* 194 B.R. 202, 209 (Bankr.N.D.Iowa 1996).

■ Based on the foregoing, the Court concludes that the Credit Union does not have any right to setoff Debtor's debt against his daughter's account in which he was joint owner. The account is titled in Debtor's daughter, Debtor, and Debtor's wife. Debtor asserts all the funds in the account belong to his daughter. The Court notes that the Credit Union's membership agreement states that it may require any account established by a minor to be a joint account with an adult member. Considering Iowa law, the Court finds that Debtor's daughter's joint account is not liable for the debts of Debtor to the Credit Union. Therefore, the Credit Union may not use setoff to reach the funds in the joint account.

## VIOLATION OF THE AUTOMATIC STAY

■ In the *Cullen* case, the undersigned also considered whether a credit union's hold on a debtor's accounts was permissible under the Bankruptcy Code and whether the credit union violated the automatic stay. 329 B.R. at 56–58. A temporary hold on a debtor's account, pending a request for relief from the automatic stay, is permissible. *Id.* at 56, applying *Citizens Bank v. Strumpf,* 516 U.S. 16, 21, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). An indefinite administrative hold, however, constitutes forbidden self-help in violation of the automatic stay. *Cullen,* 329 B.R. at 56. Such violation can subject the creditor to actual and punitive damages. *Id.* at 57–58.

■ In this case, the Credit Union placed a hold on Debtor's three accounts

on or near the petition date, i.e. June 10, 2005. This hold included not only Debtor's prepetition deposits, but also additional funds deposited postpetition. The Credit Union never requested relief from the stay to pursue setoff. Instead, Debtor initiated this adversary proceeding in March 2006 asking the Court to order the Credit Union to turn over the funds in his accounts. Even now, more than a year and a half after the petition date, the Credit Union remains in possession of the funds in Debtor's frozen accounts. The Court finds the Credit Union has engaged in the type of self-help which is forbidden by the Bankruptcy Code and violates the automatic stay.

The Court concludes that the Credit Union's violation of the automatic stay was willful. Its conduct was deliberate and it had knowledge of the bankruptcy filing. The record does not support an award of punitive damages. Debtor is entitled to damages for the stay violation in the amount of $1,000 which is the amount the parties stipulate Debtor has expended in attorney fees and costs in pursuit of this matter.

## SUMMARY

The Credit Union is not entitled to enforce its claim against any postpetition deposits in Debtor's accounts. It does not have a contractual or statutory lien on the prepetition balances in the accounts. Rather, the Credit Union is limited to a right of setoff. Under Iowa law, the Credit Union is not entitled to enforce its setoff rights against the two accounts which consist of exempt child support funds. Additionally, the Credit Union is not entitled to set off Debtor's debts against his daughter's joint account. All funds in all three of Debtor's accounts at the Credit Union must be released to Debtor immediately.

By placing an indefinite administrative hold on Debtor's three accounts, the Cred-

it Union violated the automatic stay. This violation was willful, making the Credit Union subject to damages. The Credit Union is ordered to pay Debtor $1,000 for attorney fees and costs.

**WHEREFORE,** Debtor's Complaint is GRANTED.

**FURTHER,** the Alcoa Employees & Community Credit Union is ordered to release all funds in Debtor's three accounts to Debtor Michael D. Kleinsmith, immediately.

**FURTHER,** the Credit Union's administrative hold on Debtor's accounts constitutes a willful violation of the automatic stay.

**FURTHER,** judgment shall enter against the Credit Union and for Debtor in the amount of $1,000 as damages for violation of the automatic stay.